**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| PINE FOREST ASSOCIATES LP, ) | Case No. 1:17-bk-15097-SDR |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

**MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO CHAPTER 7**

**NOTICE OF HEARING**

**Notice is hereby given that:**

A hearing will be held on the Motion of the United States Trustee to Dismiss Case or Convert Case to Chapter 7 on Thursday, October 4, 2018, at 11:00 a.m. EST, in the United States Bankruptcy Court, 31 East 11th Street, Courtroom B, Chattanooga, Tennessee.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult with one.

If you do not want the court to grant the relief requested, you or your attorney must attend this hearing.  If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

COMES NOW the Acting United States Trustee, Paul A. Randolph, through counsel, and moves the Court pursuant to § 1112(b) for an order dismissing this case (or, alternatively, converting it to Chapter 7) because the small business case deadlines have expired.  In support of this motion, the United States Trustee states as follows:

1

## I. JURISDICTION AND AUTHORITY

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicate for the relief sought herein is 11 U.S.C. § 1112.

5. The United States Trustee has standing to raise, appear, and be heard on this motion pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

## II. BACKGROUND

6. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 6, 2017, thereby commencing case number 1:17-bk-10991 ("Prior Case").

7. The United States Trustee moved to dismiss or convert the case due to the failure to file monthly operating reports, pay statutory fees, or provide information reasonably requested by the United States Trustee (Prior Case Dkt. 21).

8. That motion was eventually granted and the case was dismissed on September 7, 2017 (Prior Case Dkt. 31).

9. The Debtor filed the current petition for relief under Chapter 11 of the Bankruptcy Code on November 6, 2017 ("Current Case").

10. In both the Prior Case and the Current Case, the Debtor scheduled only two creditors: Bayview Loan Servicing at $120,000 in both cases and Catoosa County Utility District at $15,000 and then $25,000 (Prior Case Dkt. 1; Current Case Dkt. 1). Catoosa County has not filed any proofs of claim, but Bayview Loan Servicing filed a proof of claim for $231,027.89 in the Prior Case and for $814,613.69 in the Current Case. The IRS filed a claim in each case (for

2

$600 in the Prior Case and then $700 in the Current Case) and the Office of the U.S. Trustee filed a claim for $1304.75 in the Current Case (for unpaid statutory fees from the Prior Case). To summarize:

| TOTAL CLAIMS IN PINE FOREST CASES | Prior Case | | Current Case | |
|---|---|---|---|---|
| | Scheduled | *Proof of Claim* | Scheduled | *Proof of Claim* |
| Bayview Loan Servicing | $120,000.00 | $231,027.89 | $120,000.00 | $814,613.69 |
| Catoosa County | $15,000.00 | | $25,000.00 | |
| IRS | | $600.00 | | $700.00 |
| UST | | | | $1,304.75 |

11. Both cases involved the listing of only a single asset: real estate valued at $438,987.

12. In the petition initiating this case, Debtor checked the box indicating that it was a small business debtor. (Current Case Dkt. 1, p. 2, ¶ 8.)

13. The petition has not been amended other than (at the United States Trustee's request) to correct a deficiency in the execution of the verification of schedules attached to the petition (*See* Current Case Dkt. 17).

14. The meeting of creditors was held and concluded on December 11, 2017 (Dkt. 15).

15. No challenge was raised to the small business designation within 30 days of the conclusion of the meeting of creditors or at any later point. *See* Fed. R. Bankr. P. 1020(b).

16. The 300th day from the filing of the petition was September 2, 2018.

17. Even though the case has now been pending for over 300 days, no disclosure statement has ever been filed.

18. A plan was filed on July 12, 2018, which was within the 300-day period, but the Debtor never sought a court determination under 11 U.S.C. § 1125(f)(1) that a separate disclosure statement was unnecessary.

19. Further, the 45th day from the filing of the plan was August 28, 2018, yet no plan has ever been confirmed.

### III.   ARGUMENT: CAUSE EXISTS DUE TO EXPIRATION OF SMALL BUSINESS CASE DEADLINES

20. The United States Trustee moves to dismiss or convert this case for cause because this is a small business case where the small business debtor (a) failed to file a disclosure statement within 300 days and (b) failed to obtain confirmation of the timely filed Plan within the requisite 45 days.

21. Since both the 300-day deadline of § 1121(e) and the 45-day deadline of § 1129(e) have passed without extension, the United States Trustee asserts that cause exists under § 1112(b)(4)(J).

22. Because the claims, schedules, and the values provided in the Plan in the Current Case reflect a lack of equity, the United States Trustee believes that dismissal is the proper remedy.

23. Alternatively, the United States Trustee requests that the case be converted to Chapter 7.

#### a.   CAUSE STANDARD

24. Pursuant to § 1112(b)(1), "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

25. Cause for the dismissal or conversion of this case exists under § 1112(b)(4)(J).

26. That provision equates "cause" with a "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court[.]"  11 U.S.C. § 1112(b)(4)(J).

27. The cause standard is met here because, as explained below, this is a small business case and the relevant deadlines have expired for the filing of a disclosure statement and the confirmation of a plan.

### b. DEBTOR IS A SMALL BUSINESS DEBTOR AND THE CASE IS A SMALL BUSINESS CASE

28. In this case, the Debtor qualifies as a small business debtor under 11 U.S.C. 101(51D).

29. First, the Debtor is an operating business and has total liabilities of well under $2,566,050. *See* Current Case, Dkt. 1 (listing total liabilities of $135,000); Claims Register (listing claims of $816,618.44).

30. Second, the Debtor designated itself as a small business debtor on its Petition. (Dkt. 1, p. 2, ¶ 8.)

31. No timely challenge was made against this designation, Fed. R. Bankr. P. 1020(b), and thus the designation is binding absent an order to the contrary, Fed. R. Bankr. P. 1020(a).

32. Since the Debtor is a small business debtor, 11 U.S.C. § 101(51D), this case is a small business case, 11 U.S.C. 101(51C).

### c. THE DEADLINES FOR A SMALL BUSINESS CASE HAVE EXPIRED

33. Section 1121(e)(2) requires that in a small business case "the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief." 11 U.S.C. § 1121(e)(2).

34. Additionally, Section 1129(e) requires that, "[i]n a small business case, the court shall confirm a plan . . . that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)."

35. This case was filed on November 6, 2017, and thus more than 300 days have passed since the filing of the petition.

36. To date, no disclosure statement has been filed, nor has there been a request to dispense with a disclosure statement under § 1125(f)(1).

37. A plan was filed on July 12, 2018.

38. While initially filed within the 300-day window of § 1121(e), the plan has remained unconfirmed beyond the 45-day window of § 1129(e).

39. No extension of either deadline has been sought nor can extensions of these deadlines be granted after their expiration. *See* 11 U.S.C. § 1121(e)(3)(C); *In re Roots Rent, Inc.*, 420 B.R. 28, 37 (Bankr. D. Idaho 2009) (citing 28 U.S.C. § 2075 and concluding, in the context of the 45-day deadline for small business plan confirmation, that § 1121(e)(3)(C) could not be circumvented through invocation of Federal Rule 9006(b) or on equitable grounds).

### d. CONCLUSION: CAUSE EXISTS

40. Because this is a small business case and the deadlines of §§ 1121(e) and 1129(e) have both expired, cause exists under § 1112(b)(4)(J). *See In re Simbaki, Ltd.*, 522 B.R. 917, 922-23 (Bankr. S.D. Tex. 2014) (citing *In re Hyatt*, 479 B.R. 880, 891 (Bankr. D.N.M. 2012)) ("There is no deadline for filing a plan in the Bankruptcy Code for a chapter 11 case other than in small business cases. Consequently, the phrase 'within the time fixed by this title' must be referring to § 1121(e)(2)."); *In re Roots Rents, Inc.*, 420 B.R. 28, 37 (Bankr. D. Idaho 2009) ("[T]he Court finds and concludes Debtor failed to confirm its Plan within the time fixed by § 1129(e), and that cause therefore exists to dismiss or convert this case under § 1112(b)(4)(J).")

## IV. REMEDY: DISMISSAL VERSUS CONVERSION

41. In the absence of any expressed position of the other creditors, the United States Trustee favors dismissal rather than conversion.

42. The Debtor's schedules reflected a single asset of $438,987.

43. The Debtor's only asset is encumbered by a secured claims of $814,613.69.[1]

44. The Plan does not challenge the amount of the debt or the lien, though it does propose bifurcating the claim at $405,000, leaving the remainder as an unsecured claim (Current Case, Dkt. 28).

45. Accordingly, it does not appear that there is any equity to justify a conversion.

46. The United States Trustee does not currently seek a bar preventing the Debtor from re-filing; however, given the Debtor's history of bankruptcy filings and inactivity once in bankruptcy, any re-filing would be immediately opposed.

## V. CONCLUSION

For the reasons stated above, the United States Trustee contends that cause exists and that this case should be dismissed or, alternatively, converted to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(J).

WHEREFORE, based on the foregoing, the United States Trustee respectfully requests this Court enter an order dismissing or converting this case to a case under Chapter 7 of the Bankruptcy Code.

Respectfully submitted,

---

[1] While the claim in the Current Case is significantly higher than in the Prior Case, that appears to be due to an error in the Prior Case, as the documentation attached to the proof of claim in the Prior Case reflected outstanding debt of $755,919.35.

Paul A. Randolph
Acting United States Trustee, Region 8


/s/ David Holesinger
David Holesinger (TN BPR # 030189)
Attorney for United States Trustee
31 East 11th Street, 4th Floor
Chattanooga, TN 37402
(423) 752-5153
David.Holesinger@usdoj.gov

## CERTIFICATE OF SERVICE

The United States Trustee hereby certifies that on September 5, 2018, a true and correct copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO CHAPTER 7, Notice of Hearing, Certificate of Service, and proposed order was served by Notice of Electronic Filing on parties receiving such notice and was sent by U.S. Mail, first-class, to the Debtor at the address listed below. Other interested parties will be served by BNC.

Pine Forest Associates, L.P.
P.O. Box 6628
Malibu, CA 90264

/s/ David Holesinger
David Holesinger